IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSE LUIS OLMEDO-CRUZ, a/k/a "RAMBO", a/k/a GERADO COTERO-LOPEZ,<br><br>     Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>     Defendant. | ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION OF THE IMPOSED TERM OF SENTENCE<br><br><br><br>Case No. 2:00-CR-276 PGC<br>and 2:00-CR-345 BSJ |

Petitioner, Jose Luis Olmedo-Cruz, an inmate at the Cibola County Corrections Institute in Milan, New Mexico, filed a new "motion for clarification of the imposed term of sentence translation" pursuant to FED. R. CRIM. P. Rule 36 (#701). In that motion, he takes issue with the court's statement that his sentence of 107 months in Case No. 2:00-CR-276-PGC is to run concurrently with the sentence of 46 months in Case No. 2:00-CR-00345-BSJ. He argues that this should result in a total of only 107 months served, even though he had already been serving his sentence in Case No. 2:00-CR-00345 BSJ, for at least 20 months. He has exhausted his remedies with the Bureau of Prisons and seeks relief from the court declaring his "translation of

the judgment" as correct.  Specifically, since he had already served at least twenty months prior to his sentence by the court of 107 months, he assumes that the previous twenty months should have been credited already, thereby resulting in his 107 month sentence actually being reduced.

The court also notes that Mr. Olmedo-Cruz has filed several motions already dealing with this specific issue.  He first filed a 28 U.S.C. § 2255 motion to vacate on April 29, 2004, which the court denied on September 28, 2004.  He then sought relief by filing a motion to amend the judgment of his sentence on May 27, 2005, which the court denied on September 7, 2005.  In both of these motions, Mr. Olmedo-Cruz requested that the judgments in Cases No. 2:00-CR-345 BSJ and No. 2:00-CR-276-010 PGC be amended so as to order a combined total of 107 months incarceration.  Mirroring his current arguments to the court, he stated in his other motions that "[i]t is clearly stated that the Judg[]ment of this order [Case No. 2:00-CR-276 PGC] which is 107 months is to run concurrent with the case [No. 2:00-CR-345 BSJ] [w]hich is 46 months imprisonment.  According to this order[], petitioner is to serve[] [a] total sentence of 107 months in both cases."  Upon denying Mr. Olmedo-Cruz's most recent motion to amend his judgment, the court explicitly noted that "no further filings will be accepted by the court."

The court does not view its sentencing judgment as ambiguous.  At the time of sentencing in Case No. 2:00-CR-276-PGC, Mr. Olmedo-Cruz was incarcerated due to the judgment in Case No. 2:00-CR-345-BSJ.  The court ordered Mr. Olmedo-Cruz's sentence in 2:00-CR-276 PGC to run concurrently with 2:00-CR-345-BSJ.  As such, the court deemed that Mr. Olmedo-Cruz's sentence for 2:00-CR-276-PGC *began* on the date of sentencing.  Both that sentence, and the sentence for 2:00-CR-345-BSJ, would run together, but Mr. Olmedo-Cruz's sentence should not

be reduced because of the amount of time he already spent in jail.  Granting this motion, although not a clerical error at all, would result in Mr. Olmedo-Cruz's sentence for 2:00-CR-275-PGC being reduced for time already spent incarcerated, or would result in his full sentence in this case not being served.  Either way, the court finds Mr. Olmedo-Cruz's contentions are unpersuasive.

The court will not grant Mr. Olmedo-Cruz's motion because it does not find that a clerical error in the judgment, order, or other part of the record has occurred, nor is there a need to correct an error in the record arising from oversight or omission.[1]  The sentence imposed by the court explicitly stated that it was to run concurrently with his sentence in 2:00-CR345-BSJ, and the Sentencing Guidelines states that "the sentence for the instant offense shall be imposed to run concurrently to the *undischarged* term of imprisonment."[2]  Mr. Olmedo-Cruz certainly had an undischarged term of imprisonment for Case No. 2:00-CR-345-BSJ, and the court's decision to have his sentence run concurrently allowed him to not have his sentence run consecutively.  By the court's math, if his sentence were to run consecutively, Mr. Olmedo-Cruz would have a sentence of 133 months,[3] and his concurrent sentence would run 107 months.[4]  But Mr. Olmedo-Cruz's argument would result in 87 months.[5]  There is nothing in the Sentencing Guidelines, nor

---

[1] *See* FED. R. CRIM. P. Rule 36.

[2] U.S.S.G. § 5G.1(b) (emphasis added).

[3] 107 months + 26 months left on his previous sentence = 133 months.

[4] 20 months already served (not counted because he had *not yet been convicted* of Case No. 2:00-CR-275 PGC) + 107 months to run *concurrently with* 26 months left on previous sentence = 107 months from date of conviction.

[5] 107 months - 20 months already served for completely different case = 87 months.

the relevant case law which construes a concurrent sentence in the way Mr. Olmedo-Cruz translates it. Mr. Olmedo-Cruz has now tried in three different ways to alter his sentence with this court, and each time his contentions have lacked any merit.

IT IS THEREFORE ORDERED that this motion (#701) is dismissed. The Clerk's Office is directed to close the case and no further filings will be accepted by the court.

DATED this 24th day of April, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge